NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

WILLIAMSFIELD/HIGLEY LIMITED PARTNERSHIP, *Plaintiff/Appellee*,

*v.*

ESTATE OF STEVEN STREN, by its EXECUTRIX OR ADMINISTRATRIX
CYNTHIA STREN; WILLIAMSFIELD MANAGEMENT, LLC,
*Defendants/Appellants*,

EISENBERG WH LLC, *Defendant/Appellee*.

No. 1 CA-CV 24-0941

FILED 07-29-2026

Appeal from the Superior Court in Maricopa County
No. CV2016-052096
No. CV2023-015571
(Consolidated)
The Honorable Erik Thorson, Judge

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED**

COUNSEL

Richard & Moskowitz PLC, Phoenix
By William A. Richards, Michael S. Narlock
*Counsel for Plaintiff/Appellee*

Ahwatukee Legal Office PC, Phoenix
By David L. Abney
*Counsel for Defendants/Appellants*

---

## MEMORANDUM DECISION

Presiding Judge James B. Morse Jr. delivered the decision of the Court, in which Judge Anni Hill Foster and Vice Chief Judge David D. Weinzweig joined.

---

**M O R S E**, Judge:

¶1 The Estate of Stephen Stren, by its Executrix or Administratrix Cynthia Stren (the "Estate"), and Williamsfield Management, LLC ("WML") appeal the superior court's judgment in favor of Williamsfield/Higley Limited Partnership (the "Partnership") and WML's current general partner, Eisenberg WH LLC ("Eisenberg"). For the following reasons, we vacate the judgment against the Estate and remand for entry of a new judgment. We affirm the judgment against WML.

### FACTS AND PROCEDURAL BACKGROUND

¶2 The Partnership is a limited liability partnership formed in Arizona in 1986. Stephen Stren was an original limited partner of the Partnership. In 1997, the Partnership's limited partners removed the original general partner and appointed WML as the successor general partner. Stephen[1] was the sole member-manager of WML.

¶3 In December 2012, Stephen died survived by his widow, Cynthia Stren. In October 2016, the Ontario Superior Court of Justice issued Cynthia a Certificate of Appointment of Estate Trustee for the Estate.[2]

¶4 In April 2016, the Partnership filed this action against the Estate for breach of contract and breach of the implied covenant of good faith and fair dealing. It alleged Stephen failed to collect monies owed to the Partnership by the original general partner and borrowed monies from

---

[1] For ease in identifying and distinguishing persons with the same last name, we respectfully refer to them by their first names.

[2] An estate's legal representative may be known by various titles. *See* A.R.S. § 14-1201(48). For ease and consistency, we use "personal representative" throughout this decision when referring to this role.

the Partnership for himself or others that had not been repaid. WML intervened as a defendant.

**¶5** The Estate repeatedly argued that the Partnership's claims were barred by Arizona's nonclaim statute, A.R.S. § 14-3803(A)(1), which limits the time to assert claims against a decedent's estate. The superior court rejected that argument.

**¶6** In 2023, WML filed a separate action against the Partnership and its then general partner, Eisenberg, requesting a declaratory judgment concerning the parties' rights and obligations. The superior court granted the Partnership's motion to consolidate that action with its claims against the Estate and WML and later granted summary judgment for the Partnership and Eisenberg on the declaratory judgment claim.

**¶7** After a bench trial, the superior court granted judgment for the Partnership on its claims for breach of contract and breach of the implied covenant of good faith and fair dealing. It determined that WML was Stephen's alter ego and he was therefore personally liable for the debt of the company. It entered judgment against the Estate and WML jointly and severally.

**¶8** The Estate and WML filed a combined motion for new trial and to amend the superior court's findings of fact and conclusions of law. As relevant, they argued the Partnership's claims were barred by A.R.S. §§ 12-548 and 14-3803, and the superior court's findings and conclusions that WML was Stephen's alter ego were erroneous. The superior court denied the combined motions.

**¶9** The Estate and WML timely appealed the judgment and the denial of the motion for new trial. This Court has jurisdiction pursuant to A.R.S. §§ 12-2101(A)(1) and (5)(a).

## DISCUSSION

**¶10** The Estate and WML argue the superior court erred as a matter of law by granting judgment for the Partnership and denying their motion for new trial because the Partnership's claims are barred by Arizona's nonclaim statute, A.R.S. § 14-3803. They also challenge the superior court's decision that the Estate may be held jointly and severally liable for the judgment against WML because WML was Stephen's alter ego.

**¶11** We view the facts in the light most favorable to upholding the judgment, *Bennett v. Baxter Grp., Inc.*, 223 Ariz. 414, 417, ¶ 2 (App. 2010),

and will accept the superior court's factual findings unless they are clearly erroneous, i.e., not supported by substantial evidence. *Davis v. Zlatos*, 211 Ariz. 519, 523–24, ¶ 18 (App. 2005). We review de novo the superior court's conclusions of law, including the interpretation of statutes. *In re Estate of Van Der Zee*, 228 Ariz. 257, 259, ¶ 8 (App. 2011). We review de novo the determination on a question of a foreign country's law, which may include "conduct[ing] our own independent research and analysis." *Ejeh v. Ali*, 260 Ariz. 363, 368, ¶ 14 (App. 2025) (internal citation omitted); Ariz. R. Civ. P. 44.1.

## I. Nonclaim Statute Applied to the Partnership's Claims Against the Estate.

**¶12** Stephen died in December 2012, and the Partnership became aware of his death no later than December 10, 2013, when the other limited partners filed an action to remove WML as the Partnership's general partner. In April 2016, the Partnership filed this lawsuit against the Estate and WML. The question is whether the Partnership's claims were barred by Arizona's nonclaim statute, which sets the final deadline to file claims against a decedent's estate and is generally not subject to waiver or tolling. A.R.S. § 14-3803; *Ader v. Estate of Felger*, 240 Ariz. 32, 39, ¶ 18 (App. 2016).

**¶13** The parties' original appellate arguments concerned whether (i) the Partnership's claims were barred because they were not filed within two years as required by A.R.S. § 14-3803(A); or (ii) the time limit did not apply because Cynthia did not give notice to creditors. For purposes of that analysis, the parties focused on the date of Cynthia's appointment as the Estate's personal representative.

**¶14** Although the Partnership stipulated in the superior court that the Ontario Superior Court of Justice appointed Cynthia as the Estate's personal representative in October 2016, it argued in this Court that Cynthia had been acting on behalf of the Estate before then as the "legal equivalent" of a personal representative under Canadian law. To get clarity on this issue, we stayed the appeal and remanded for the superior court to determine when probate was opened in Canada. After taking additional evidence, the superior court found that probate opened in October 2016 when the Ontario Court appointed Cynthia via the Certificate of Appointment of Estate Trustee.

**¶15** In a supplemental memorandum, the Partnership urges us to reject that finding and take notice of Ontario court records and law to

conclude that Cynthia became personal representative for the Estate effective immediately upon Stephen's death in 2012.

¶16        The Estate and WML argue that even if Cynthia had authority to act as personal representative for the Estate immediately upon Stephen's death, the Partnership's claim is barred by A.R.S. § 14-3803(B).[3]  Under that statute, any claim against a decedent that arose before his or her death is barred in Arizona if it is barred by the nonclaim statute of the decedent's domicile before the giving of notice to creditors in this state.   A.R.S. § 14-3803(B).

¶17        This Court applied A.R.S. § 14-3803(B) in *In re Estate of Evitt*, 245 Ariz. 352, 355, ¶ 14 (App. 2018).   In that case, the decedent and his ex-wife entered a settlement agreement at the time of their divorce that required the decedent to ensure a payment to the ex-wife upon his death. *Id.* at 353, ¶ 2.  The decedent remarried and moved to Wyoming where he died 26 years later.  *Id*. at ¶¶ 3–4.  His personal representatives settled his estate in accordance with Wyoming law and made a final distribution one year after his death.  *Id.* at 353–54, ¶¶ 3–4.  The following year, the ex-wife submitted a claim to the personal representatives, which they denied.  *Id.* at 354, ¶ 6.  She then initiated probate proceedings in Arizona and petitioned for allowance of her claim.  *Id.*  This Court held that A.R.S. § 14-3803(B) barred her claim because it arose before the decedent's death and had not been timely filed in Wyoming.  *Id.* at 355, ¶ 14.

¶18        Arizona law bars claims two years after a person's death plus the time remaining for notice.  *See* A.R.S. § 14-3801, -3803.  But Ontario law provides that an action against a personal representative for a claim against the estate "shall not be brought after the expiration of two years from the death of the deceased." Trustee Act, R.S.O. 1990, c. T.23, s. 38 (Can.); *see also Ingram v. Kulynych Estate*, 2024 ONCA 678, ¶¶ 50–52 (Can.) (stating section 38 of the *Trustee Act* covers all actionable wrongs).  Similar to Arizona law,

---

[3]        The Partnership contends that the Estate has waived this claim, however we exercise our discretion to consider this argument and decline to apply waiver.  *See State, ex rel. Horne v. Campos*, 226 Ariz. 424, 428, ¶ 13 n.5 (App. 2011) (stating this Court may consider arguments first raised on appeal when "the facts are fully developed, undisputed, and the issue can be resolved as a matter of law").  The Estate argued A.R.S. § 14-3803(B) barred the Partnership's claims in both a supplemental filing before oral argument and in a supplemental memorandum filed after this Court remanded the case to the superior court.  The Partnership had the opportunity to respond to this argument but did not address its merits.

this is a strict limit that is not subject to discoverability principles. *Ingram*, 2024 ONCA 678, ¶ 26; *see also Van Der Zee*, 228 Ariz. at 260, ¶ 18 (defining a nonclaim statute as a law that sets a fixed deadline for creditors to bring claims against a decedent's estate that is not waivable and generally cannot be tolled).

**¶19** Because Ontario law barred all claims against Stephen's estate two years after his death, the Partnership's claims were barred under A.R.S. § 14-3803(B) when it filed them in 2016. We therefore need not decide when Cynthia assumed the role of personal representative for the Estate.

## II.   Arizona Probate Code.

**¶20** The Partnership argues the Arizona Probate Code, Title 14, does not apply to a Canadian estate and therefore A.R.S. § 14-3803 cannot bar its claim. It asserts that this case is analogous to *BMO Harris Bank, N.A. v. Reid*, No. 1 CA-CV 14-0013, 2015 WL 1781389, at *2–3, ¶¶ 11–12 (Ariz. Ct. App. Apr. 16, 2015) (mem. decision), a memorandum decision in which this Court agreed—without analysis—that the Arizona Probate Code did not apply to a Canadian probate estate where no ancillary action was filed in Arizona and the personal representative did not give a creditor's notice under Arizona law.

**¶21** Title 14, Chapter 3 (Probate of Wills and Administration) governs any proceedings in an Arizona court concerning the estate of a decedent who was not an Arizona resident, including the rights of claimants in regard to a local administration and "any other order concerning the estate." A.R.S. § 14-4207. A plaintiff cannot avoid A.R.S. § 14-3803's deadline for claims by suing an estate instead of timely presenting its claim to the estate through probate proceedings—whether in Canada or through ancillary proceedings in Arizona. *Evitt*, 245 Ariz. at 354–55, ¶¶ 10–14 (holding a claim that arises before the decedent's death is barred if not timely filed in the domicile of the decedent's estate); *Ader*, 240 Ariz. at 37, ¶ 10 (holding a creditor's claim is barred if it does not initiate private proceedings within two years after decedent's death). To the extent *Reid* suggests otherwise, we find it unpersuasive.

## III.   Corporate Veil Piercing.

**¶22** The nonclaim statute also bars the Partnership's claims against the Estate based on the theory that WML was Stephen's alter ego. Generally, a plaintiff has the full statute of limitations period applicable to the underlying claim to assert liability against a principal based on a veil

piercing/alter ego theory. *Specialty Cos. Grp., LLC v. Meritage Homes of Ariz., Inc.*, 251 Ariz. 365, 367, ¶ 11 (2021).

¶23            However, that is not the case when the claim is asserted against a decedent's estate. When the time to bring a claim against an estate under a nonclaim statute is shorter than the statute of limitations would otherwise allow, the nonclaim statute governs, and the claim against the estate is barred if not timely presented within the nonclaim statute's timeframe. A.R.S. § 14-3803(A), (B). Just like any other claim that arose before Stephen's death, the Partnership's claims against the Estate based on an alter ego theory of liability were barred by the nonclaim statute. A.R.S. § 14-3803(B). Thus, this Court need not review whether the superior court correctly determined that Stephen (through the Estate) was liable for WML's breaches under a theory of corporate veil piercing/alter ego.

## IV.    Nonclaim Statute Applied to the Partnership's Claims Against WML.

¶24            We agree, however, that the Partnership's claims against WML were not barred by Arizona's nonclaim statute. Because A.R.S. § 14-3803 applies only to claims against a decedent's estate, the Partnership was not required to assert its claims against WML within two years after Stephen's death.[4] The judgment against WML is therefore affirmed.

## V.    Attorney Fees and Costs on Appeal.

¶25            The Estate and WML request an award of costs and attorney fees on appeal, citing A.R.S. §§ 12-341.01(A) and -342. This Court, in its discretion, denies their request for attorney fees. However, as the prevailing party, the Estate is awarded its taxable costs under A.R.S. § 12-341 upon compliance with ARCAP 21.

## CONCLUSION

¶26            For the foregoing reasons, we vacate the judgment against the Estate and affirm the judgment against WML. We remand this matter to

---

[4]            We do not address the Estate and WML's argument that the Partnership's second amended complaint was filed outside the six-year statute of limitations. *See Dawson v. Withycombe*, 216 Ariz. 84, 111, ¶ 91 (App. 2007) (holding an argument not raised in opening brief waived).

the superior court to enter an amended judgment consistent with this decision.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:           JR